United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALLEN TAYLOR,
Plaintiff,

v.

MARTINEZ DETENTION FACILITY MEDICAL, et al.,
Defendants.

Case No. 25-cv-10165-PCP

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

The above-captioned pro se civil rights action was filed on November 25, 2025. On that date, the Clerk notified Plaintiff that the action was deficient because he had neither paid the filing fee, nor filed a completed *in forma pauperis* ("IFP") application. Dkt. No. 2. Plaintiff was advised that failure to pay the fee or complete an IFP application within 28 days would result in dismissal of the action. *See id*. The notice informed plaintiff that he needed to include a copy of prison trust account statement with a signed certification that the copy was true and correct. *See id*. at 4.

Plaintiff subsequently filed an IFP application but did not include a trust account statement or the required certification. *See* Dkt. No. 4. A trust account statement is required for any prisoner seeking to proceed *in forma pauperis*. See 18 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action … without prepayment of fees or security therefor … *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.") (emphasis added).

Plaintiff has neither paid the filing fee nor completed his IFP application. The deadline to do so has passed. This federal civil rights action is DISMISSED without prejudice for failure to comply with the Clerk's Notice and for failure to prosecute. *See* Federal Rule of Civil Procedure

United States District Court
Northern District of California

41(b).

In addition, the Court screened and dismissed Plaintiff's complaint because Plaintiff had not identified any proper defendant. *See* Dkt. No. 11. The Court allowed Plaintiff to file an amended complaint, and provided instructions on what Plaintiff must allege in order to state a claim. *See id*. Plaintiff's deadline to amend has passed, and the Court has not received an amended complaint from Plaintiff. Because Plaintiff failed to amend despite opportunity and a warning of the consequences, this action is **DISMISSED** without prejudice. *See Harris v. Mangum*, 863 F.3d 1133, 1141-42 (9th Cir. 2017) (recognizing propriety of dismissing action where plaintiff failed to amend).

Because this dismissal is without prejudice, Plaintiff may ask to reopen the action. To do this, he must file a motion with the words MOTION TO REOPEN written on the first page **and** must file and perfect his IFP application **and** must file an amended complaint in accordance with the Court's prior order.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: September 11, 2026

P. Casey Pitts
United States District Judge